UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Barbara D. Lockwood,

        Plaintiff,

vs.                                          Case No. 3:09-cv-376-J-20MCR

Shands Jacksonville Medical Center Inc.,

        Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (Doc. 49) filed April 1, 2010.

**I.    BACKGROUND**[1]

On December 14, 2009, Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production of Documents. See (Doc. 49-A, B). On February 16, 2010, Defendant received Plaintiff's responses. See (Doc. 49-E, F). On March 10, 2010, after reviewing said responses, Defendant's counsel sent Plaintiff's counsel a letter explaining that her responses were incomplete, and requesting supplemental responses no later than March 18, 2010. See (Doc. 49-G).

On March 22, 2010, having not received any additional information, Defendant's counsel contacted Plaintiff's counsel to discuss the issues raised in its March 10, 2010 letter and it was agreed that on March 24, 2010, counsel for the parties would speak

---

[1]The Court is reciting the facts as presented by Defendant in its Motion to Compel and Reply to Plaintiff's Opposition to Defendant's Motion to Compel. See (Docs. 49, 56).

again.  (Doc. 49, p. 3, ¶ 4).  On March 24, 2010, counsel for the parties spoke and Plaintiff's counsel indicated that some of the additional information sought might be forthcoming but he would not commit to a specific date without conferring with his client.  (Doc. 49, p. 3, ¶ 6).

On April 1, 2010, Plaintiff filed the instant Motion to Compel seeking production of full and complete responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, and to recover reasonable attorneys' fees and costs.  (Doc. 49).  That same day, Plaintiff served Defendant with supplemental discovery responses.  See (Doc. 56-A, B).  On April 21, 2010, Plaintiff filed her response in opposition to Defendant's Motion stating that the outstanding discovery was provided "in full."[2]  (Doc. 51).

On April 27, 2010, Defendant filed a Motion for Leave to File a Reply to Plaintiff's Opposition to Defendant's Motion to Compel, contending that certain statements contained in Plaintiff's Opposition are either incorrect or misleading.  (Doc. 52).  On May 5, 2010, this Court granted Defendant's request (Doc. 55) and on May 10, 2010, Defendant filed its Reply to Plaintiff's Opposition to Defendant's Motion to Compel (Doc. 56).  Accordingly, this matter is ripe for judicial review.

**II.     ANALYSIS**

    **A.     Motion to Compel**

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court.  See Commercial

---

[2] Plaintiff's response provides no legal argument and lacks sufficient detail.  See (Doc. 51).

Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See id.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant case, Defendant seeks an order compelling responses to a number of discovery requests in its First Set of Interrogatories and Requests for Production of Documents. (Doc. 49, pp. 5-15). The Court will address each category of discovery requests.

### 1. Defendant's First Set of Interrogatories

Rule 33 of the Federal Rules of Civil Procedure states, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If objected to, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). For the purposes of the Federal Rules of Civil Procedure, incomplete or

evasive interrogatory answers are treated as a failure to answer.  Dollar v. Long Mfg., N. C., Inc., 561 F.2d 613, 616 (5th Cir. 1977).

Defendant seeks an order compelling more full and complete responses to Interrogatory Nos. 5, 7, 10, 11, 12, 15, 16, 17, and 18.  (Doc. 49, pp. 5-13).  In response, Plaintiff has not offered any objection to Defendant's interrogatories; rather, Plaintiff states she provided supplemental responses.  (Doc. 51 p. 1, ¶ 3).  However, according to Defendant, even after Plaintiff's supplemental responses were provided, Interrogatory Nos. 5, 11, and 15, are still incomplete.

Interrogatory No. 5 states:

> If you have even [sic] received any form of medical, osteopathic, psychiatric, psychological and/or chiropractic treatment, surgery, therapy, treatment, counseling, and/or hospitalization (whether within a hospital, residential medical care facility, clinic, private out-patient and/or emergency care facility) ( ... ) for any form of physical or mental condition (whether elective or mandatory), injury, or trauma, please identify each particular instance during which such treatment was received; the dates, durations, and locations of such treatment, the reasons why such treatment occurred; the names and addresses of all physicians, osteopaths, chiropractors, clinicians, therapists, health care providers, counselors, psychiatrists, and/or psychologists who provided the treatment on such occasions; the dates such professionals were consulted with prior to treatment; the nature of any course of treatment which was recommended; and, the diagnosis and prognosis rendered by each such professional, as well as a description of the results of such treatment.  If such treatment is on-going, please indicate; if not, indicate the reason for the discontinuation of such treatment.

(Doc. 49-A).  In response to Interrogatory No. 5, Plaintiff replied, "not available."  (Doc. 49-E).  This response is inadequate.  However, in a letter dated April 21, 2010, Plaintiff agreed to provide signed medical authorizations so that Defendant could obtain this

information. (Doc. 56-E). According to Defendant, Plaintiff has failed to provide said authorizations. (Doc. 56, p. 3). Therefore, Defendant is ordered to provide a supplemental response to Interrogatory No. 5, no later than **Friday, June 4, 2010.**

Interrogatory No. 11 states:

> Identify and describe all documents, witnesses, and other evidence that substantiated or refutes the claims in your Amended Complaint that Defendant retaliated or discriminated against you in violation of the Family and Medical Leave Act, the Americans with Disabilities Act, the Florida Civil Rights Act, or any amendments to these Acts.

(Doc. 49-A). In response to Interrogatory No. 11, Plaintiff replied, "work product." (Doc. 49-E). This response fails to describe the nature of the information not disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable Defendant to assess the claim. See Fed. R. Civ. P. 26(b)(5). Additionally, this response fails to satisfy Plaintiff's burden of demonstrating the applicability of the work product doctrine. See Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201 (M.D. Fla. 1990) ("The party resisting discovery bears the burden of demonstrating the applicability of the work product doctrine."). Plaintiff's supplemental response stated, "I look into EEOC claim at Shands. Guideline number C-pl.20-G." (Doc. 56-A). The Court agrees with Defendant's assertion that this response is unintelligible and incomplete. Therefore, Defendant is ordered to provide a supplemental discovery response to Interrogatory No. 11, no later than **Friday, June 4, 2010.**

Interrogatory No. 15 states:

> Identify by full name each employee and former employee of Defendant that you have consulted or contacted with regard to allegations in this lawsuit, your charge with the Equal

> Employment Opportunity Commission, or any charge you filed or discussed with any fair employment practices agency. For each consult or contact, indicate the date, who initiated such consultation or contact, and the substance of each communication.

(Doc. 49-A). In response to Interrogatory No. 15, Plaintiff replied, "not available." (Doc. 49-E). This response is inadequate. However, in Plaintiff's supplemental response, Plaintiff provides a list of names, but does not indicate, as requested in Interrogatory No. 15: (1) the date of each consult or contact; (2) who initiated such consultation or contact; (3) and the substance of each communication. See (Doc. 56-A). Although counsel's letter dated April 21, 2010, indicates that Plaintiff has provided as much detail and she can recall (Doc. 56-E), Plaintiff's verified discovery response does not indicate that she cannot recall any details about her consultations or contacts with employees and former employees of Defendant (Doc 56-A). Therefore, Defendant is ordered to provide a supplemental discovery response to Interrogatory No. 15, no later than **Friday, June 4, 2010.**

### 2. Defendant's First Set of Requests for Production

Rule 34 of the Federal Rules of Civil Procedure states, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). For purposes of Rule 34, absent an objection, a party "must produce any requested document in her possession, custody or control regardless of whether it can be obtained from a third party." Partlow v. City of Jacksonville, 2007 U.S. Dist. LEXIS 64543, 2007 WL 256942, at *1 (M.D. Fla. Aug. 30, 2007); see also

Pensacola Beach Cmty. United Church, Inc. v. Nat'l Union Fire Ins. Co., 2007 U.S. Dist. LEXIS 16002, 2007 WL 737499, at *1 (N.D. Fla. Mar. 7, 2007) (quoting Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."); Gabby v. Meyer, 2006 U.S. Dist. LEXIS 73461, 2006 WL 2794316, at *3 (E.D. Wis. Sept. 27, 2006) ("[T]he fact that documents are available from another source is not a valid basis, by itself, for refusing to produce such documents.").

Defendant seeks an order compelling more full and complete responses to Request for Production Nos. 5, 7, 9, 10, 12, 15, 18, 19, 20, 21, 22, 23, 24, 26, and 27. (Doc. 49, pp. 14-15). In response, Plaintiff has not offered any objection to Defendant's requests; rather, Plaintiff states she provided supplemental responses. (Doc. 51 p. 1, ¶ 4). However, according to Defendant, even after Plaintiff's supplemental responses were provided, Request for Production Nos. 5, 7, 9, 12, 15, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27, are still incomplete. (Doc. 56, p. 4-5).

For each of the abovementioned Requests for Production, Plaintiff has provided a response of "not available." (Doc. 49-F). This response is insufficient and unclear. The party resisting discovery bears the burden of establishing lack of relevancy or undue burden in supplying the requested information. Gober v. City of Leesburg, 197 F.R.D. 519 (M.D. Fla. 2000). Therefore, Plaintiff is directed to provide or make available responsive documents within her possession, custody, or control or, if no responsive documents exist, to make that clear, no later than **Friday, June 4, 2010.**

### B. Motion for Sanctions

The remaining issue is whether Defendant is entitled to recover attorney' fees and costs. Federal Rule of Civil Procedure 37(a)(5)(C) provides:

> If the motion [to compel] is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

The court "has wide latitude in imposing sanctions for failure to comply with discovery." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). "Rule 37 sanctions are to be applied diligently." In re Stauffer Seeds, Inc., 817 F.2d 47, 49 (8th Cir. 1987). Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. Rickels v. City of South Bend, 33 F.3d 785, 787 (7th Cir. 1994). A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). Here, the Court does not consider an award of sanctions to be appropriate at this time. However, Plaintiff is cautioned that future discovery violations as well as the failure to comply with this Order may result in sanctions. See Fed. R. Civ. P. 37(b)(2).

## III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion to Compel (Doc. 49) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  21st  day of May, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party