UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Barbara D. Lockwood,

    Plaintiff,

vs.                                               Case No. 3:09-cv-376-J-20MCR

Shands Jacksonville Medical Center Inc.,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion for Sanctions (Doc. 61) filed June 15, 2010.

**I.    BACKGROUND**

On December 14, 2009, Defendant served Plaintiff with Interrogatories and Requests for Production of Documents. See (Doc. 49-A, B). On April 1, 2010, Defendant filed a Motion to Compel seeking production of full and complete responses to its discovery requests and to recover reasonable attorneys' fees and costs. (Doc. 49). On May 21, 2010, this Court entered an Order granting in part and denying in part Defendant's Motion to Compel and directing Plaintiff to file supplemental discovery responses no later than June 4, 2010. (Doc. 57). Plaintiff timely filed her supplemental responses with the Court. (Doc. 58).

On June 15, 2010, Defendant filed the instant Motion for Sanctions contending Plaintiff failed to comply with this Court's discovery order. (Doc. 61). Specifically,

-1-

Defendant contends Plaintiff's supplemental responses to Interrogatory Nos. 5, 11, and 15 are still incomplete. On June 24, 2010, Plaintiff filed her response in opposition to Defendant's Motion. (Doc. 62). Accordingly, this matter is now ripe for judicial review.

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 37

Under Federal Rule of Civil Procedure Rule 37(b)(2), "[i]f a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just." If it is established that Defendant violated this Court's discovery Order, the issues become whether the violations were substantially justified, the prejudice suffered by Plaintiff, and the "just" sanctions to impose, if any. See Capsmith, Inc. v. Wysopal, 2009 U.S. Dist. LEXIS 11961 (M.D. Fla. Feb. 4, 2009). The district court has broad discretion to fashion appropriate sanctions for the violation of discovery orders or discovery obligations. United States v. Certain Real Property Located at Route 1, 126 F.3d 1314, 1317 (11th Cir. 1997); see also Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976). Some of the available sanctions are set forth in Rule 37 as follows:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); see also Fed. R. Civ. P. 37(c), (d). "Instead of or in addition to" the sanctions listed in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c).

### B. Sanctions

Defendant contends Plaintiff's supplemental discovery responses to Interrogatory Nos. 5, 11, and 15 are still incomplete. Interrogatory No. 5 states:

> If you have even [sic] received any form of medical, osteopathic, psychiatric, psychological and/or chiropractic treatment, surgery, therapy, treatment, counseling, and/or hospitalization (whether within a hospital, residential medical care facility, clinic, private out-patient and/or emergency care facility) ( ... ) for any form of physical or mental condition (whether elective or mandatory), injury, or trauma, please identify each particular instance during which such treatment was received; the dates, durations, and locations of such treatment, the reasons why such treatment occurred; the names and addresses of all physicians, osteopaths, chiropractors, clinicians, therapists, health care providers, counselors, psychiatrists, and/or psychologists who provided the treatment on such occasions; the dates such professionals were consulted with prior to treatment; the nature of any course of treatment which was recommended; and, the diagnosis and prognosis rendered by each such professional, as well as a description of the results of such treatment. If such treatment is on-going, please indicate; if not, indicate the reason for the discontinuation of such treatment.

(Doc. 49-A). Plaintiff provided a supplemental response as directed by this Court; however, her response is insufficient as it contains no information regarding diagnosis

-3-

and prognosis and is not specific to each physician.  See (Doc. 58, pp. 2-8).  Plaintiff represented to the Court that medical authorizations have been provided in order for Defendant to obtain this information.  (Doc. 62, p. 1, ¶ 3).  In light of Plaintiff's representations, the Court finds Defendant has suffered no prejudice and the imposition of sanctions would be unjust.

> Interrogatory No. 11 states:
>
>> Identify and describe all documents, witnesses, and other evidence that substantiates or refutes the claims in your Amended Complaint that Defendant retaliated or discriminated against you in violation of the Family and Medical Leave Act, the Americans with Disabilities Act, the Florida Civil Rights Act, or any amendments to these Acts.

(Doc. 49-A).  In her supplemental response, Plaintiff states:

> I look into EEOC claim at Shands Jax Medical Center Guideline number C-PL-20G for my own information.  I did file anything other then the EEOC claim in which I, was denied.

(Doc. 58, p. 10).  This Court is in no position to decipher whether the EEOC claim was indeed the only evidence which substantiates or refutes her claim.  However, according to Plaintiff, Defendant has since deposed her on two separate occasions.  (Doc. 62, p. 1, ¶ 3).  Therefore, as Defendant had ample opportunity to clarify this statement, the Court finds Defendant has suffered no prejudice and the imposition of sanctions would be unjust.

> Interrogatory No. 15 states:
>
>> Identify by full name each employee and former employee of Defendant that you have consulted or contacted with regard to allegations in this lawsuit, your charge with the Equal Employment Opportunity Commission, or any charge you filed or discussed with any fair employment practices agency.  For

> each consult or contact, indicate the date, who initiated such consultation or contact, and the substance of each communication.

(Doc. 49-A). In her supplemental response, Plaintiff lists those persons who she consulted with or had contact with regarding to the allegations in this lawsuit. (Doc. 58, pp. 12-13). Although Plaintiff failed to specify who initiated the contact and the substance of the communication, Defendant had the opportunity to inquire about the specifics of these contacts when he deposed Plaintiff. (Doc. 62, p. 1, ¶ 3). Therefore, the Court finds Defendant has suffered no prejudice and the imposition of sanctions would be unjust.

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion for Sanctions (Doc. 61) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  1st  day of July, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party